```
JOSHUA E. KIRSCH (179110)
jkirsch@gibsonrobb.com
JENNIFER T. SANCHEZ (191548)
jsanchez@gibsonrobb.com
MARISA G. HUBER (254171)
mhuber@gibsonrobb.com
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:   (415) 348-6000
Facsimile:   (415) 348-6001
```

RE-FILED
2014 JAN 30 A 11: 14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiffs
LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SC

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> M/V STADT FREIBURG, its engines, tackle and apparel, *in rem*; STADT FREIBURG T&H SCHIFFAHRTS GMBH & CO KG, *in personam*; EVERGREEN MARINE CORP., *in personam*; and HANJIN SHIPPING CO., LTD., *in personam*, <br><br> Defendants. | Case No. CV 14 0447 <br><br> **MOTION AND [PROPOSED] ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN** |

Plaintiffs LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC., by and through its attorneys GIBSON ROBB & LINDH LLP, having appeared and made the following recitals:

1. On January 30, 2014, the Complaint herein was filed praying that the Vessel *M/V STADT FREIBURG*, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiffs' demands and claims and for other proper relief.

///

2. On _____, 2014, Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal, for the Northern District of California, to arrest and take into custody the Defendant vessel and to detain the same in his/her custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4. The Defendant vessel is currently berthed at the Port of Los Angeles and expected to arrive shortly at the Port of Oakland. Nielsen Beaumont Marine, Inc., has agreed to assume the responsibility for safekeeping the said vessel and has consented to act as the custodian upon order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, as a rate of $0.50 per foot per day in addition to $384 per day for security. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Nielsen Beaumont Marine, Inc. by affidavit appended hereto as **Exhibit A** and made a part hereof, avers that it has adequate facilities and supervision for property maintenance and safekeeping of the vessel, her engines, tackles, appurtenance, furnishings, etc., and has presented proof of insurance to the United States Marshal sufficient to respond in damage to the defendant vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents, it is

ORDERED that the substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, an all others for whom they are responsible, form any and all liability and responsibility arising out of the care

1  and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc. from the date of
2  the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, etc., and
3  it is further

4  ORDERED that the substitute custodian shall defend the United States of America, the
5  United States Marshal, their agents, servants, employees, and all others for whom they are
6  responsible, against all claims and actions arising out of said substitute custody and, further, shall
7  indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that
8  might arise out of said substitute custody and shall be responsible and indemnify and hold
9  harmless the United States of America, the United States Marshal, their agents, servants,
10 employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses
11 and disbursements incurred in defending against such claims or actions arising out of said
12 substitute custody, and it is further

13 ORDERED that the United States Marshal for the Northern District of California shall
14 surrender the possession of the Defendant vessel to the substitute custodian named herein upon
15 executing the warrant in this action, and it is further

16 ORDERED that Nielsen Beaumont Marine, Inc., be, and is hereby, appointed the
17 custodian of said vessel to retain the same in its custody for possession and safekeeping for the
18 aforementioned compensation until further Order of the Court, and it is further

19 ORDERED that all United States Marshal's costs be paid prior to release of said vessel,
20 and it is further

21 ORDERED that the substitute custodian must receipt for the vessel and the United States
22 Marshal must attest to the date and time of release on a certified copy thereof, and it is further
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

ORDERED that Plaintiff's attorney will serve the owner of Defendant *M/V STADT FREIBURG* with a copy of this Order.

DATED this __20__ day of __Jan__, 20 14, at __11:55 AM__.

_____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

GIBSON ROBB & LINDH LLP

_____
Joshua E. Kirsch
Jkirsch@gibsonrobb.com
Attorneys for Plaintiffs
LG ELECTRONICS U.S.A., INC. and
LG ELECTRONICS, INC.

JOSHUA E. KIRSCH (179110)
jkirsch@gibsonrobb.com
MARISA G. HUBER (254171)
mhuber@gibsonrobb.com
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:  (415) 348-6000
Facsimile:  (415) 348-6001

Attorneys for Plaintiffs
LG ELECTRONICS U.S.A., INC.
and LG ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> M/V STADT FREIBURG, its engines, tackle and apparel, *in rem*; STADT FREIBURG T&H SCHIFFAHRTS GMBH & CO KG, *in personam*; EVERGREEN MARINE CORP., *in personam*; HANJIN SHIPPING CO., LTD., *in personam*; and PANTOS LOGISTICS(CHINA) CO., LTD., *in personam*, <br><br> Defendants *IN REM*. | Case No. <br><br> **DECLARATION OF DON BEAUMONT IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND MOVEMENT OF VESSEL** <br><br> [IN ADMIRALTY] |

I, Don Beaumont, hereby declare and state as follows:

1.  I am CEO of Nielsen Beaumont Marine, Inc. (Nielsen Beaumont), a California corporation, located at 2420 Shelter Island Drive, San Diego, California 92106, and at 1301 Pier "C" Street, Long Beach, California 90813. I make this Declaration on its behalf. The matters set forth herein are of my own personal knowledge, and, if called upon to do so, I could and would competently testify thereto.

2.  Nielsen Beaumont provides a broad range of marine services, including major reconstruction, cleaning, maintenance and custodianship, and has been approved previously by

---
DECLARATION OF DON BEAUMONT IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND MOVEMENT OF VESSEL
Case No. _____ ; Our File No. 5475.56

1 the United States District Court for the Northern, Central and Southern Districts of California to
2 serve as substitute custodian on over 3,000 vessel arrests.
3    3.    I am informed and believe that the Defendant vessel *M/V STADT FREIBURG*
4 ("Vessel") is presently located and/or anticipated to arrive shortly to the Port located within this
5 judicial district. I believe Nielsen Beaumont can safely keep the Vessel at the Port in the place
6 and stead of the United States Marshal during the pendency of suit herein, and until further order
7 of the Court.
8    4.    As substitute custodian, Nielsen Beaumont will perform the following service for
9 the Vessel during her custodianship:
10   a.   Assume custody of the Vessel from the United States Marshal at the place
11        of her arrest until further order of the Court;
12   b.   Provide other such services as may be required from time-to-time by
13        further order of the Court.
14   5.   Nielsen Beaumont maintains several insurance policies which protect it against
15 negligence of Nielsen Beaumont during its custodianship. These policies are:
16   a.   Commercial Marine Liability, with the underwriters IMU/Northern
17        Assurance Company of America with an aggregate coverage limit of
18        $4,000,000.00;
19   b.   Worker's Compensation with American Equity Underwriters, Inc. Nielsen
20        Beaumont does not maintain hull, machinery or protection and indemnity
21        insurance.
22   6.   I am informed and believe that the United States Marshal is unable to perform the
23 above described services as a comparable cost. Nielsen Beaumont requires that payment for all
24 services provided as substitute custodian be paid in full on or before the date that the Vessel is
25 released from arrest and attachment, or the date Nielsen Beaumont is relieved as substitute
26 custodian, whichever first occurs.
27 ///
28 ///

DECLARATION OF DON BEAUMONT IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPOINTMENT OF SUBSTITUTE
CUSTODIAN AND MOVEMENT OF VESSEL
Case No. _____ ; Our File No. 5475.56                                            - 2 -

7. Nielsen Beaumont agrees to accept substitute custodianship of the Vesselm her engines, tackle, apparel and furniture, in accordance with the Court's order appointing substitute custodian.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration is executed on January 29, 2014.

_____
Don Beaumont

DECLARATION OF DON BEAUMONT IN SUPPORT OF PLAINTIFFS' APPLICATION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND MOVEMENT OF VESSEL
Case No. _____; Our File No. 5475.56

- 3 -