```
 1  MICHAEL L. SWAIN (133260)
    ROSS I. LANDAU (259260)
 2  SWAIN & DIPOLITO LLP
    555 East Ocean Boulevard, Suite 600
 3  Long Beach, California 90802
    Telephone:  (562) 983-7833
 4  Facsimile:  (562) 983-7835
    E-mail: mswain@swaindipolito.com
 5          rlandau@swaindipolito.com

 6  Attorneys for Defendant and Cross-Claimant,
    HANJIN SHIPPING CO., LTD.
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC. and LG ELECTRONICS, INC., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>M/V STADT FREIBURG, its engines, tackle and apparel, *in rem*; STADT FREIBURG T&H SCHIFFAHRTS GMBH & CO KG, *in personam*; EVERGREEN MARINE CORP., *in personam*; and HANJIN SHIPPING CO., LTD., *in personam*, <br><br>　　　　Defendants. | IN ADMIRALTY <br><br> Case No. CV 14-02559 SJO (ASx) <br><br> Honorable S. James Otero <br><br> CROSS-CLAIM FOR INDEMNITY |
| HANJIN SHIPPING CO., LTD., <br><br>　　　　Cross-Claimant, <br><br>　　v. <br><br>STADT FREIBURG T&H SCHIFFAHRTS GMBH & CO KG, *in personam*; GREENCOMPASS MARINE S.A., *in personam*, <br><br>　　　　Cross-Defendants. | |

///

- 1 -

COMES NOW, Hanjin Shipping Co., Ltd., assuming the position of cross-claimant pursuant to Rule 13(g), Fed. R. Civ. P., and, upon information and belief, alleges, avers, and states as follows:

1. Made cross-defendants are Stadt Freiburg T&H Schiffahrts, GMBH Co., KG, the owner or owner pro hac vice of the M/V STADT FREIBURG, and Greencompass Marine S.A., its time charterer.

2. If required, this Court has subject matter jurisdiction over the claims for relief set forth herein under admiralty and maritime jurisdiction. 28 U.S.C. §1333. Cross-claimant invokes Rule 9(h), Fed. R. Civ. P.

3. At Shanghai, China, on or about January 7, 2014, forty-eight (48) ocean shipping containers owned or leased by Hanjin and their alleged cargoes were loaded and stowed aboard the M/V STADT FREIBURG by the cross-defendants, and each of them, and placed in the actual custody of the cross-defendants, and each of them, for carriage by sea to Los Angeles, California.

4. Plaintiff alleges that while the containers and their cargoes were aboard the M/V STADT FREIBURG in the custody and possession of the cross-defendants, their agents, subcontractors, servants, and employees, and each of them, the containers fell overboard during heavy weather, resulting in the loss and/or damage to the containers and the alleged cargoes inside.

Hanjin Shipping Co., Ltd.'s Cross-Claim for Indemnity

5.  Upon information and belief, cross-defendants' sea carriage of the subject containers and cargo was performed on Hanjin's behalf pursuant to contracts of affreightment, tariffs, bills of lading, voyage and/or time charterparties, and/or slot allocation and vessel sharing agreements.

6.  Hanjin has performed all terms, conditions, and covenants required on its part to be performed on its part, if any, in accordance with the terms and conditions of the contracts of affreightment, tariffs, bills of lading, voyage and/or time charterparties, and/or slot allocation and vessel sharing agreements, except those whose performance is excused.

7.  Hanjin alleges that if the plaintiffs sustained any damages by reason of the matters alleged in the Complaint, which is denied, such damages were caused by the cross-defendants, and each of them, and their respective agents, servants, and employees, as a result of their primary and active fault, negligence, and/or breach of express or implied duties and warranties as owners, charterers, carriers, bailees, or other persons owing a duty of care, in contract, at law, or in equity, during the loading, stowage, transport, handling, care, and custody of the containers and cargo by the cross-defendants, while Hanjin's negligence, if any, was passive and secondary, and/or imputed to it solely by operation of law.

///

///

Hanjin Shipping Co., Ltd.'s Cross-Claim for Indemnity

8. Hanjin alleges that if and to the extent it is adjudged to have any liability for the alleged loss or damage to the plaintiffs' goods, which liability is denied, and to the extent Hanjin sustained damages in its own right for damage to its containers and salvage and transhipment costs in a sum no less than $200,000, Hanjin is entitled to indemnity from cross-defendants, and each of them, plus an award of attorney's fees and costs incurred by it in the defense of the plaintiff's Complaint.

WHEREFORE, defendant and cross-claimant Hanjin Shipping Co., Ltd., prays as follows:

1. That plaintiff take nothing by its Complaint on file herein, and that said Complaint be dismissed with prejudice;

2. That in the event Hanjin is held liable to the plaintiff, Hanjin be given judgment on its Cross-Claim for indemnity, against cross-defendants Stadt Freiburg T&H Schiffahrts, GMBH Co., KG, and Greencompass Marine, S.A., and each of them;

3. That cross-claimant receive an award of attorney's fees, expenses, and court costs; and

///
///
///

Hanjin Shipping Co., Ltd.'s Cross-Claim for Indemnity

4. For such further relief as this Court may deem just and appropriate.

DATED: April 14, 2014

SWAIN & DIPOLITO LLP

By: _____
MICHAEL L. SWAIN
Attorneys for Defendant and Cross-Claimant,
HANJIN SHIPPING CO., LTD.

- 5 -

Hanjin Shipping Co., Ltd.'s Cross-Claim for Indemnity